CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 17, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT ANTHONY MULLINS,** | ) | |
| **Plaintiff,** | ) | **Case No. 7:25-cv-00551** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **JORDAN MULLINS, et al.,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

**MEMORANDUM OPINION**

Robert Anthony Mullins, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against the Southwest Virginia Regional Jail Authority (Jail Authority), Officer Jordan Mullins, and Nurse Gloria Kelly. Mullins claims that Officer Mullins used excessive force against him and that Nurse Kelly failed to adequately treat his alleged injuries. The Jail Authority has moved to dismiss against claim against it under Federal Rule of Civil Procedure 12(b)(6). ECF No. 17. For the reasons set forth below, the motion to dismiss is **GRANTED**, and any claim against the Jail Authority is **DISMISSED** without prejudice.

## I.   Standard of Review

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.; see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). While "detailed factual allegations" are not required,

a complaint must contain more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal quotation marks and brackets omitted).

When evaluating whether a complaint states a claim upon which relief can be granted, "the court must construe all factual allegations in the light most favorable to the plaintiff." Wilcox v. Brown, 877 F.3d 161, 166–67 (4th Cir. 2017). "Additionally, when a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Id. "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." Bing v. Brivo Sys., LLC, 959 F.3d 605, 618 (4th Cir. 2020). A complaint filed by a pro se plaintiff "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terr., 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

### III.  Discussion

Mullins filed suit against the defendants under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

It is well settled that local government entities "are not vicariously liable under § 1983 for their employees' actions." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). Instead, they are responsible only for their "own illegal acts." Owens v. Balt. City State's Attys. Office, 767 F.3d 379, 402 (4th Cir. 2014). In particular, a municipal jail authority or other local government entity can be held liable under § 1983 only if the plaintiff shows that the entity's policy or custom was a "moving force" behind a constitutional violation. Polk Cnty. v. Dodson, 454 U.S. 312, 326, (1981); see also Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) ("Only in cases where the municipality causes the deprivation through an official policy or custom will liability attach.").

Mullins's amended complaint does not allege that any custom or policy of the Jail Authority was responsible for the constitutional deprivations of which he complains, and he has no viable § 1983 claim against the Jail Authority based solely on its employment relationship with Officer Mullins or other staff members. Consequently, the amended complaint fail to state a claim against the Jail Authority.

## IV.  Conclusion

For the reasons stated, the Jail Authority's motion to dismiss, ECF No. 17, is **GRANTED**. An appropriate order will be entered.

Entered: June 16, 2026

Michael F. Urbanski
U.S. District Judge
2026.06.16 17:30:27
-04'00'

Michael F. Urbanski
Senior United States District Judge

3